IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>$109,520.00 IN UNITED STATES<br>CURRENCY, *et al*<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil No. 1:22-cv-00041 |

# VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Defendant In Rem

2. The Defendant Property is:

   a. $109,520.00 in United States Currency,

   b. $47,274.00 in United States Currency,

   c. $11,644.11 in United States Currency,

   d. $7,130.00 in United States Currency,

   e. $2,760.00 in United States Currency,

   f. $1,739.25 in United States Currency,

**Verified Complaint – Page 1**

g. $101,751.76 seized from 5 Point Credit Union account xxx0558-0,

h. $99,490.64 seized from 5 Point Credit Union account xxx9870-0,

i. $42,955.79 seized from 5 Point Credit Union account xxx0558-9,

j. $22,121.78 seized from 5 Point Credit Union account xxx9870-7,

k. $5,532.32 seized from 5 Point Credit Union account xxx0558-7,

l. $151,219.75 seized from Neches Federal Credit Union account xxx3273-0,

m. $37,160.00 seized from Neches Federal Credit Union account xxx8054-0,

n. $24,887.54 seized from Neches Federal Credit Union account xxx8054-9,

o. $15,853.37 seized from Neches Federal Credit Union account xxx3273-8,

p. $94,334.64 seized from MobilOil Federal Credit Union account xxx2223,

q. $223,028.73 seized from First Financial Bank account xxx4169,

r. $79,824.45 seized from First Financial Bank account xxx6049,

s. $65,175.97 seized from First Financial Bank account xxx6023,

t. $54,030.68 seized from First Financial Bank account xxx4201,

u. $24,539.26 seized from First Financial Bank account xxx4060,

v. $23,190.40 seized from First Financial Bank account xxx5991,

w. $35,090.33 seized from BBVA Bank account xxx9597,

x. $3.92 seized from BBVA Bank account xxx1737,

y. Men's watch: Rolex Daytona 1992 #24; black face; diamond bezel; & gold trim; black rubber band,

z. Men's watch: Audemars Piguet N° 0767 H57906; Royal Oak; gold band; beige face,

aa. Men's watch: Patek Philippe Geneve; silver band with black face,

ab. Men's watch: Rolex Geneva. Gold with diamond bezel & band #11N96663 (inside bezel),

ac. Men's watch: Audemars Piguet Royal Oak. N°0788 H57475. Silver with silver band & face,

ad. Men's watch: Audemars Piguet Royal Oak N°4005 I81247. Gold band with black face,

ae. Men's watch: Patek Philippe Geneve 8168ALL; Gold band; black face; calendar on face,

af. Men's watch: Audemars Piquet Royal Oak N°0224 H52699. Diamond band & bezel; silver face,

ag. Men's watch: Audemars Piguet Royal Oak N°0688 H57528. Gold band & bezel; black face with purple crystals,

ah. Men's watch: Patek Philippe Geneve 8168ALL. Silver with black face with sun calendar,

ai. Men's watch: Audemars Piguet Royal Oak N°0688 AF1988. Silver/pewter band, bezel, & face,

aj. Men's watch: Rolex YachtMaster II Geneva OP815/423. Silver with black face. F437091 (inside bezel),

ak. Men's watch: Versace 95ccPID497 SC01 6207 (on back). Gold face; black leather band; Sapphire crystal,

al. Men's watch: Audemars Piguet Royal Oak N°0688 AF1998. Silver & diamond band & bezel with rose gold clasp. Missing screw on back of face,

am. Men's watch: Patek Philippe 8168ALL. Diamond & silver bezel & band; white face; squarish bezel; calendar on face,

an. Men's watch: Rolex Sky Dweller Geneva. CL5 72200 (on band). Brown leather band; gold face; gold clasp; Calendar on face; F218238 (inside bezel),

ao. Men's watch: Rolex Sky Dweller Geneva. CL5 72200 (on band). Silver face & bezel; black leather band; calendar on face; F218238 (inside bezel),

ap. Men's watch: Rolex Sky Dweller Geneva. CL5 72200 (on band). Black face; gold bezel; black leather band; Calendar on face; F218238 (inside bezel),

aq. Men's watch: Audemars Piguet Royal Oak N°0688 AF1998. Silver face & band,

ar. Men's watch: Bvlgari Diagano Professional. Silver bezel; black face; black rubber band with silver accents,

as. Women's watch: Rolex Sky Dweller Geneva. CL5 72200. Gold face; brown leather band; green sticker on back; F432118 (inside bezel); 116264R18 (outside bezel),

at. Men's watch: Movado Bold MB 011346156. Gold face and band,

au. Women's watch: Fossil 1341504. Black face; bronze bezel; brown leather band,

av. Women's watch: Audemars Piguet Royal Oak. Rose gold band; gray face; diamond bezel,

aw. Men's watch; Audemars Piguet Royal Oak N°4005 I81247; silver & diamond band & bezel with gold; date on face,

ax. Men's watch: Patek Philippe. Silver bezel; white face; black leather band. In a big black box,

ay. Men's watch: Patek Philippe. In wrapper in big black box. Silver w/ square cut diamonds on bezel; black face; black leather band,

az. Men's watch: Rolex Oyster Perpetual in green box. EW 6J7074 (inside bezel). Card: Serial OR 6J2001; Model 116610. Silver band & face,

**Verified Complaint – Page 4**

ba. Women's watch: Fossil. ES4380741805 (on back). Black cracked face; brown leather band; rose gold bezel,

bb. Men's watch: Rolex Oyster Perpetual Day Date. Gold band & face; big round diamonds on bezel,

bc. Women's watch: Rolex Sky Dweller. Gold bezel; black face; black leather band. F432118 (inside bezel). 116264R18 (outside bezel),

bd. Women's watch: Dior. A655 (on back). Gold band & face with triangles. Double diamond bezel,

be. Necklace: gold chevron chain; 1/4" wide by 28" long. 10 karat gold,

bf. Necklace: round diamond and silver. 22",

bg. Bracelet: silver with large round crystals. 7",

bh. Bracelet: small diamond 7",

bi. Bracelet; gold with 2 rows of round crystals,

bj. Bracelet: gold large herringbone with crystal,

bk. 11 men's rings: 7 gold; 4 silver; all with crystals,

bl. 2 rings: covered in crystals with 1 large stone on each,

bm. 5 loose stones: possibly Moissanite. 1 is 5mm; 2 are 6.5mm,

bn. 2 Necklaces & 1 bracelet: silver with crystals; bracelet has extra links,

bo. Misc. jewelry: 3 large pendants (2 gold; 1 silver - Versace medallion); 1 gold & crystal ring; 2 tennis bracelets with gold & crystals; 1 silver & crystal necklace,

bp. Misc. jewelry: 4 tennis bracelets ( 2 silver; 2 gold); 1 large silver tennis bracelet; 1 gold bracelet with 3 rows of crystals; 1 gold bracelet with herringbone & crystals; 5 rings (4 silver; 1 gold); 1 purple beaded bracelet; diamond earrings in figure 8 shape; necklace & pendant with photo (silver with crystal bezel),

bq. large gold pendant with crystals and lion. 4",

      br.  Gold pendant with crystals and some kind of design on it,

      bs.  3 rings: 2 with multiple diamonds; 1 with 5 light purple stones,

Seized from Kevin Brumfeld, 6830 Forest Trail Circle, Beaumont, Texas:

      bt.  Air Jordan shoes: men's Louis Viutton; black and gray checkerboard with case,

      bu.  Men's watch: Rolex Oyster Perpetual Date Just. Gold face & bezel; gold & silver band; green sticker on back. 16233. New,

      bv.  Men's watch: Longines. Silver & gold band; black face; rose gold bezel. 37810673 on back,

      bw.  Men's watch: Rolex Date Just. Silver band & bezel; black face with diamonds,

      bx.  Men's tennis shoes: Christian Louboutin; black with red sole; spikes,

      by.  Men's tennis shoes: Christian Louboutin; high top; black spike; red sole,

(collectively, Defendant Property).  Agents with the Internal Revenue Service seized the Defendant Property on or about June 22, 2021.  The Defendant Property is currently in the custody of the Internal Revenue Service

Jurisdiction and Venue

    3.    The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

    4.    The Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(l)(A), and 981(a)(1)(C), because the property was involved in or traceable to (i) property involved in specified unlawful activity, that is distribution of a controlled substance in violation of 21 U.S.C. § 841 and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and (ii) financial transactions in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering).

Any property, real or personal, which constitutes proceeds or is derived from proceeds traceable to a violation of 21 U.S.C. §§ 841 or 846 are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). Also, under 18 U.S.C. § 981(a)(l)(A), any property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 or 1957 or any property traceable to such property is subject to forfeiture.

Further, the defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), all moneys and things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate any violation of 21 U.S.C. § 841 are subject to forfeiture.

Facts

7. There is probable cause to believe that all the above properties were purchased with proceeds from the sale of synthetic cannabinoids.

Beginning in 2012, during a routine burglary investigation, Port Arthur Police discovered precursor chemicals and packaged synthetic cannabinoids ready for street resale at the residence of Daurence Brooks. In 2013, Customs and Border Protection seized 15,000 empty bags used to retain "Klimax", a synthetic cannabinoid. The shipment was associated to a phone number associated with Daurence Brooks.

In November 2014, Customs and Border Protection seized a kilogram of synthetic cannabinoid in route to a property purchased by Daurence Brooks and Mira Brooks in Groves, Texas.

Subsequent investigation revealed that Brooks had purchased at least 9,080 pounds of precursor materials from a supplier in San Francisco. Various cooperators have since described the purchase and sale of these drugs obtained from Daurence Brooks.

The Brooks' conducted multiple wire transfers to companies in China totaling over $375,000.00 between 2015 and 2018. It is believed that this represented the purchase of many precursors later used to create the drugs.

Potential Claimants

8. The only known potential claimants to the Defendant Property are:

Daurence Brooks
7650 Colonial Drive
Beaumont, Texas 77707,

Mira Brooks
7650 Colonial Drive, Beaumont, Texas 77707; and
3122 Woodlawn, Groves, TX 77619,

      Kevin Brumfeld
      6830 Forest Trail Circle
      Beaumont, Texas 77713,

      Brooks Home Realty LLC
      5815 Walden Road - Unit 22893, Beaumont, Texas 77707-6549; and
      P.O. Box 22893, Beaumont, Texas 77720-2893,

      DMB Realty, LLC
      3871 Stagg Drive, #120, Beaumont, Texas 77701-3717; and
      P.O. Box 22893, Beaumont, Texas 77720-2893.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States and order any other relief that the Court deems appropriate.

                Respectfully submitted,

                BRIT FEATHERSTON
                UNITED STATES ATTORNEY

                */s/ Michael W. Lockhart*
                MICHAEL W. LOCKHART
                Assistant United States Attorney
                Eastern District of Texas
                Texas Bar No. 12472200
                550 Fannin Street, Suite 1250
                Beaumont, Texas 77701
                (409) 839-2538
                (409) 839-2643 (fax)
                michael.lockhart@usdoj.gov

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Michael W. Lockhart, hereby state that:

1. I am an Assistant United States Attorney for the Eastern District of Texas.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States and information received from law enforcement officers.

I state and verify under penalty of perjury that the foregoing is true and correct.

                            */s/ Michael W. Lockhart*
                            MICHEAL W. LOCKHART
                            Assistant United States Attorney

Dated: February 7, 2022.