IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>$109,520.00 IN UNITED STATES CURRENCY, et al.<br><br>   Defendants. | NO. 1:22-CV-00041-MAC-ZJH |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

  This case is assigned to the Hon. Marcia A. Crone, United States District Judge, and was referred to the undersigned United States Magistrate Judge for pretrial matters. On February 8, 2022, the United States Government filed an *Ex Parte Notice Regarding Consent to Proceed Before U.S. Magistrate Judge* (Doc. No. 2), pursuant to 28 U.S.C. § 636(c). Pending before the court is the Government's *Motion for Default Judgment*. Doc. No. 7. Because the time for filing an answer has expired, and no claim or answer has been filed, the motion should be granted.

**I. Background**

  The Government instituted this civil forfeiture action on February 7, 2021. Doc. No. 1. An order for warrant of arrest for $109,520.00 in United States Currency ("Defendant Currency") was entered (Doc. No. 3), and the clerk of court issued the warrant on February 10, 2022. Doc. No. 4. The Internal Revenue Service ("IRS") arrested the property pursuant to the clerk's *Warrant of Arrest*. Doc. No. 7, ¶ 1. The Defendant Currency includes $109,520.00, as well as five other Defendant Currencies, five Defendant Currencies from 5 Point Credit Union accounts, four Defendant Currencies from Neches Federal Credit Union accounts, one Defendant Currency from a MobilOil Federal Credit Union account, six Defendant Currencies from First Financial Bank

accounts, and two Defendant Currencies from two BBVA Bank accounts (collectively, "Defendant Currency"). Doc. No. 1, ¶ 2, at 1-2. The seized property also includes twenty-nine different men's watches, six different women's watches, four necklaces, five different bracelets, eleven men's rings, five other rings, five loose stones, miscellaneous jewelry, and varying brands of tennis shoes (collectively, "Defendant Property"). Doc. No. 1, ¶ 2, at 2-6.

The Government posted notice of forfeiture on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days, beginning on March 26, 2022, and ending on April 24, 2022. Doc. No. 7, ¶ 3. The Government also sent a copy of the Amended Complaint for Forfeiture and Notice of Complaint for Forfeiture by certified mail and regular mail to the last known addresses of potential claimants: Daurence Brooks, Mira Brooks, Brooks Home Realty, LLC, DMB Realty, LLC, and Kevin Brumfeld. Ex. A, Doc. No. 7-1.

## II. Motion for Default Judgment

On October 28, 2022, the Government filed its pending *Motion for Default Judgment*. Doc. No. 7. The Government asserts that no claim or answer has been filed by any person or entity, and all potential claimants are therefore in default. *Id.* Therefore, the Government requests that the court enter a default judgment as to all potential claimants. *Id.*

## III. Discussion

A court may enter a default judgment when a party has failed to plead or otherwise defend. *See* FED. R. CIV. P. 55. Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted the Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on March 26, 2022. Doc. No. 7, ¶ 3, at 1. The Notice required any claimant to the property to file a claim with the court within sixty days from the first date of the publication of the Notice, and serve and file an answer to the

complaint or a motion under Federal Rule of Civil Procedure 12 within twenty-one days after the filing of the claim, as provided by Supplemental Rule of Certain Admiralty and Maritime Claims and Asset Forfeiture Actions G(5). *Id.*, ¶ 3, at 1-2.

To date, no potential claimants have filed an answer in this action, and the time limitations have expired. Furthermore, on October 28, 2022, the United States Clerk's Office entered a default as to all potential parties or claimants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Doc. No. 8. Accordingly, there is no reason to proceed any further in this matter.

## IV. Recommendation

The court should grant the Government's *Motion for Default Judgment* (Doc. No. 7) pursuant to Federal Rule of Civil Procedure 55(b)(2), and enter a default judgment, granting forfeiture as to all claimants and potential claimants. The Clerk of Court is directed to serve this report on 1) Daurence Brooks, 2) Mira Brooks, 3) Brooks Home Realty, LLC, 4) DMB Realty, LLC, and 5) Kevin Brumfeld, at the following addresses:

1. Daurence Brooks
   7650 Colonial Drive
   Beaumont, TX 77707

2. Mira Brooks
   3122 Woodlawn Street
   Groves, TX 77619

   **AND**

   7650 Colonial Drive
   Beaumont, TX 77707

3. Brooks Home Realty, LLC
   5815 Walden Road, Unit 22893
   Beaumont, TX 77707-6549

      **AND**

          P.O Box 22893
          Beaumont, TX 77720-2893

   4. DMB Realty, LLC
       3871 Stagg Drive, #120
       Beaumont, TX 77701-3717

   5. Kevin Brumfeld
       6830 Forest Trail Circle
       Beaumont, TX 77713

## V. **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen days after being served with a copy of this Report; and (4) be no more than eight pages in length. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2); LOCAL RULE CV-72(c). A party who objects to this Report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen days of being served with a copy of this Report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 2nd day of November, 2022.

                                                Zack Hawthorn
                                                United States Magistrate Judge